UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
CASE NO: _____

LARA DIEZ, individually and on behalf of all others similarly situated,

    *Plaintiff*,

vs.

THATKEY, LLC

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**PLAINTIFF-MOVANT LARA DIEZ'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH NON-PARTY SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff-Movant Lara Diez ("Plaintiff") respectfully moves this Court for an order compelling the production of documents subpoenaed from ThatKey, LLC ("ThatKey") and awarding Plaintiff her reasonable costs and fees associated with the preparation and filing of this motion. In support thereof, Plaintiff states as follows:

**PRELIMINARY STATEMENT**

Plaintiff is the named plaintiff and proposed class representative in an action pending before the Southern District of Florida entitled *Diez v. American Landmark Management, LLC*, Case No. 1:22-cv-20189-KMM (the "Action"). A copy of the operative Complaint is attached hereto as **Exhibit A.** In the Action, Plaintiff alleges that Defendant American Landmark Management LLC ("Defendant"), knowingly and willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") by sending unsolicited telemarketing prerecorded messages in violation of consumers' privacy rights.

Plaintiff has learned that the prerecorded messages in question were sent by Defendant American Landmark Management LLC a real estate management company using the technology from ThatKey, LLC. ThatKey is a resident of Leesburg, Virginia and was served through its Registered Agent TRAC on June 17, 2022. *See* Return of Service (attached hereto as **Exhibit B**). The Subpoena served upon ThatKey is attached hereto as **Exhibit C**.

Despite being properly served**,** ThatKey failed to respond to the Subpoena by the due date of July 8, 2022. Instead, on July 1, 2022, ThatKey emailed Plaintiff's Counsel a letter confirming receipt and notice of the Subpoena, but unilaterally deemed the Subpoena "invalid" and completely refused to comply with the Subpoena. The letter from ThatKey is attached hereto as **Exhibit D.** Despite Plaintiff's Counsel following up with proof of service of the subpoena, unfortunately, ThatKey did not comply with the subpoena. To date, Plaintiff has not received a single document to her Subpoena from ThatKey.

The documentation sought by Plaintiff identify the class and is relevant and necessary for Plaintiff to prosecute her action.

## ARGUMENT

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena, which provides, in pertinent part, that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g).  Here, Plaintiff issued a valid subpoena to ThatKey, seeking highly relevant information regarding class information at the heart of this action. ThatKey merely responded by vaguely stating that it objects to the Subpoena without any reference to the questions raised in the Subpoena. *See* Exhibit D.  A party's responses to discovery requests must be "full, complete and unevasive." *See Stone*, No. 09-CIV-80252, 2009 U.S. Dist. LEXIS 59125, ECF No.

72 at 4. ThatKey's letter is vague, incomplete, and entirely evasive.

Generalized boilerplate objections are legally inadequate and meaningless. *See, e.g., Adelman v. Boy Scouts of America*, 276 F.R.D. 681 (S.D. Fla. 2011) (Goodman, Mag. J.). In general, objections not made in responses to discovery requests are deemed waived. *See Morock v. Chautauqua Airlines, Inc.*, Case No. 8:07-cv-210-T-17MAP, 2007 U.S. Dist. LEXIS 88532, 2007 WL 4247767, at *4 (M.D. Fla. Dec. 3, 2007) ("[Defendant] did not make these objections in its responses to the discovery, and they are therefore waived."). Here, ThatKey's complete failure to provide any meaningful response or objection to the questions in the Subpoena deems its objections waived. Accordingly, the Court should compel ThatKey to comply with the Subpoena, deem that it has waived its right to assert objections, and produce responsive documents immediately.

Lastly, the Court should also award the reasonable fees and costs to Plaintiff for having to prepare and file this motion, which could have been easily avoided here. Given ThatKey's refusal to respond fully, Plaintiff's fees and costs for bringing this motion are the appropriate sanction. Indeed, a subpoena issued on behalf of a federal court should be treated as a court order. *DeVolk v. JBC Legal Grp., P.C.*, 2008 U.S. Dist. LEXIS 32257, at *4 (M.D. Fla. 2008) (citing Fed. R. Civ. P. 45(a) advisory committee note (1991 amend.) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). Accordingly, ThatKey should thus bear all reasonable costs incurred by Plaintiff in connection with the relief sought herein. *See Wouters v. Martin Cnty.*, 9 F.3d 924, 933 (11th Cir. 1993).

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests the entry of an order: (1) compelling non-party ThatKey to comply with the subpoena; (2) awarding Plaintiff her reasonable costs and fees in bringing this motion, and (3) awarding any other relief the Court deems just and necessary. If the Court is inclined to award fees and costs, Plaintiff respectfully requests that she be allowed ten days to submit the necessary documents supporting the award.

## LOCAL RULE 7.1 CERTIFICATION OF COUNSEL

Plaintiff's undersigned counsel hereby represents that she has complied with the requirements of Local Rule 7.1. Plaintiff was unable to get ThatKey to comply with the subpoena properly served upon them.

Dated: August 11, 2022

*/s/ William Robinson*
William Robinson, Esq.
VSB# 76098
319 N. Piedmont Street, Suite 1
Arlington, VA 2203
info@robinsonslaw.com
Telephone: 703-789-4800

**DAPEER LAW, P. A.**
Rachel Dapeer, Esq. *(pro hac vice forthcoming)*
Florida Bar No. 108039
20900 NE 30th Avenue, #417
Aventura, FL 33180
Email: rachel@dapeer.com
Telephone: 305-610-5223

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq. *(pro hac vice forthcoming)*
Florida Bar No. 030380
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

*Counsel for Plaintiff and the proposed Class*